IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE CRIMINAL COMPLAINT FOR MALCOLM COLLINS | ) CASE NO: 1:19-MJ-3098 ) ) MAGISTRATE JUDGE ) THOMAS M. PARKER ) ) <u>MOTION TO BE FILED UNDER SEAL</u> |

Now comes the United States of America, by and through counsel, Justin E. Herdman, United States Attorney, and Margaret A. Sweeney, Assistant United States Attorney, and respectfully moves this Court for an order sealing the affidavit of Special Agent Todd Platt in support of the criminal complaint issued in the above captioned case. Specifically, the United States moves this Court to maintain the affidavit under seal on the electronic docket for the following reasons.

1. The government has been engaged in an ongoing investigation being conducted by the federal grand jury for the Northern District of Ohio focused upon potential violations of 21 U.S.C. §§ 846, 841(a)(1) (Conspiracy to Distribute and to Possess with Intent to Distribute Heroin/Fentanyl & Distribution of and Possession with Intent to Distribute Heroin/Fentanyl), 21 U.S.C. § 843(b) (Use of a Communications Facility to Facilitate a Felony Drug Offense), and 18 U.S.C. § 1956(h) (Conspiracy to Launder Monetary Instruments) which investigation would be compromised by the revelation of the extensive contents of the affidavit herein submitted.

2. In addition, the contents of the complaint affidavit are so particular that their disclosure to the public would identify the underlying sources of information given to the affiant as well as the identities of persons who are not currently charged.

3. Additionally, the affidavit contains telephone calls which were intercepted pursuant to court-authorized wiretaps, and many persons who are discussed in those phone calls in the affidavit are not yet charged but likely will be in the coming weeks. If the affidavit were unsealed and the contents made available to persons outside counsel and represented parties in this case, that information could cause these persons to flee prior to their arrests.

4. The United States further avers that sealing of affidavit is needed to protect not only the identity of witnesses who have heretofore cooperated with the United States in its investigation but also to protect disclosure of information which would otherwise keep potential witnesses from coming forward to cooperate.

The courts have inherent power, as an incident of their constitutional function, to control papers filed with the courts within certain constitutional and other limitations. <u>United States v. Agosto</u>, 600 F.2d 1256, 1257-58 (9th Cir. 1979) (rejecting and reversing district court's holding that district courts lack authority to seal affidavit and remanding issue to district court for factual consideration); <u>see</u> <u>also</u> <u>Shea v. Gabriel</u>, 520 F.2d 879, 882 (1st Cir. 1975) (dismissing appeal concerning search warrant where district court carefully balanced government's interest in secrecy to protect its on-going investigation against temporary loss to property-owner).

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By: /s/ Margaret A. Sweeney
Margaret A. Sweeney
Assistant U.S. Attorney
Reg. No. 0086591 (OH)
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113-1852
(216) 622-3990
(216) 522-7499 (facsimile)
Margaret.Sweeney@usdoj.gov